IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
October 21, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Kayla Lokey
DEPUTY CLERK

Wallie Scott,

Plaintiff,

v.

The City of Charlottesville *et al.*,

Defendants.

Civil Action No. 3:26-cv-00107

**MEMORANDUM OPINION AND DISMISSAL ORDER**

Plaintiff Wallie Scott, proceeding *pro se*, filed an action against the City of Charlottesville, Samuel Sanders Jr., and Juandiego Wade, alleging false arrest following an assault in front of his home. (Compl. at 3 (Dkt. 1).) Based on the court's review of the complaint and considering Scott's status as a *pro se* plaintiff, the court will construe his claims as alleging a civil rights violation under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Scott submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*, (Dkt. 2). While the court finds that Scott qualifies to proceed without prepayment of fees or costs, it also finds that the complaint fails to state any viable claim upon which relief can be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses the complaint without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

## I. Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe Scott's *pro se* complaint liberally, *Estelle*, 429 U.S. at 106, his complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

## II. Analysis

It is not clear from Scott's complaint whether he intends to name each Defendant in their individual capacity, official capacity, or both. Pursuant to the liberal construction of *pro se* complaints, the court will construe his complaint as against the individually named Defendants in both their official and individual capacities.[1]

*1. Suits against the Defendants in their official capacities*

Under *Monell v. Department of Social Services of New York*, local governments cannot be held liable pursuant to *respondeat superior* but, instead, can only be held liable where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690 (1978). Though Scott names the City of Charlottesville as a Defendant, he does not allege that his false arrest occurred pursuant to a custom or policy officially adopted by the City. Thus, his claim against the City cannot lie.

The same issue dooms Scott's official-capacity claims against Defendants Juandiego Wade and Samuel Sanders Jr., the Mayor and City Planner of Charlottesville, respectively. "Unlike individual-capacity claims, official-capacity claims generally represent only another way of pleading an action against an entity of which an officer is an agent." *Flanagan v. Scearce*, No. 7:19-CV-00413, 2021 WL 4312555, at *7 (W.D. Va. Sep. 22, 2021) (quoting *Monell*, 436 U.S. at 690 n.55 (1978)) (cleaned up). Because the "real party in interest" is the City of Charlottesville, an official capacity suit against these city officials requires a showing that "the [City's] policy or custom . . . played a part in the violation of federal law." *Id.* (cleaned up).

[1] Of course, the City of Charlottesville cannot be sued in an individual capacity.

Scott fails to make this showing, and, thus, his claims against Defendants Wade and Sanders in their official capacity likewise cannot lie.

2. *Suits against the Defendants in their individual capacities*

The court construes Scott's complaint as also bringing claims against Defendants Wade and Sanders in their individual capacities. However, Scott's complaint fails to state a claim upon which relief could be granted against these officials as individuals. The complaint's complete substantive content (cleaned up) is as follows:

> Three people overpowered me at my home front door. They hit me in my face and head area mostly. Due to previous health problems such as brain damage, I passed out in my neighbor's yard before I reached the door for help. My attackers told the police three different lies. There was no probable cause for the false arrest. I was detained and did not get medical attention from the assault.

(Compl. at 3–4.)

Scott does not provide any non-conclusory facts about what specifically any Defendant did or did not do that violated his rights. These individual Defendants are specified in the caption of the complaint, but the content of the complaint contains no specific allegations against any Defendant. A proper § 1983 claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). The complaint does not state or contain any allegations to support a plausible claim or entitlement to relief as to any particular Defendant.

## III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, (Dkt. 2), but **DISMISSES** the complaint without prejudice pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii), (Dkt. 1). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Scott.

**IT IS SO ORDERED.**

**ENTERED** this 21st day of October, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE